UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JOANN CHARLES and BILLY CHARLES, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| V. | ) ) |
| LEE COUNTY, KENTUCKY, et al., | ) ) ) |
| Defendants. | ) ) |

Civil Action No. 5: 19-479-DCR

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

This action arises from claims related to Joshua Charles' death while he was confined at the Three Forks Regional Jail in Beattyville, Kentucky. The plaintiffs, representatives of Charles' estate, filed the Complaint on December 10, 2019, alleging that the defendants were deliberately indifferent to Charles' serious medical needs.

The defendants moved to dismiss the action on March 11, 2020, alleging that they had not been served with the Complaint and Summons within the time permitted under Rule 4(m) of the Federal Rules of Civil Procedure. [Record No. 4] The plaintiffs concede that they have not served the defendants in accordance with Rule 4(m), but request that the motion to dismiss be denied and that they be given additional time to effectuate service. The defendants' motion to dismiss will be granted because the plaintiffs have not demonstrated that an extension of time is warranted under the circumstances.

I.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

- 1 -

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court does not have personal jurisdiction over a defendant until the defendant has been properly served. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Since the Complaint was filed on December 10, 2019, the deadline for service was March 9, 2020.

The facts presented are not in dispute. The defendants' attorney received notice of the lawsuit in December 2019. [Record No. 4-1] Defense counsel contacted counsel for the plaintiffs at that time and advised that the individual defendants were willing to waive service pursuant to Fed. R. Civ. P. 4(j). Defense counsel then provided the individual defendants' completed waivers to the plaintiffs' counsel, but plaintiffs' counsel failed to file the waivers with the Court. *See* Fed. R. Civ. P. 4(d) (providing that the plaintiff is to file the waiver with the court, after which "the action shall proceed ... as if a summons and complaint had been served at the time of filing of the waiver, and no proof of service shall be required"). Plaintiffs' counsel e-mailed defendants' counsel on January 20, 2020, advising that the plaintiffs believed it was the defendants' burden to file the waivers of service. [Record No. 4-1, p. 2]

In response to the defendants' present motion, the plaintiffs submitted a two-page memorandum reporting simply that they "reasonably believed the parties had reached an agreement regarding waiver of service." [Record No. 5] Plaintiffs' counsel suggests that he was surprised by the defendants' motion to dismiss, stating that he "anticipated [d]efendants filing a responsive pleading." Counsel does not request a specific period of time in which to complete service. Instead, he reports that if the defendants' motion to dismiss is denied, the

- 2 -

parties likely can reach an agreement regarding service. And he states that, if the parties cannot agree, "he will attempt to obtain service on Defendants by certified mail." *Id.* at p. 1.

## II.

The Court begins by determining whether the plaintiffs have shown good cause for their failure to serve the defendants within the 90-day period allowed under Rule 4(m). *See Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table) (explaining the two-part analysis under Rule 4(m)). If they have, the Court is required to extend the time for service.

Rule 4(m) does not define good cause, but the Sixth Circuit has required at least excusable neglect. *Stewart*, 2000 WL 1785749, at *1. Excusable neglect is a strict standard that is met only in extraordinary cases. *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). "Establishing good cause is the responsibility of the party opposing the motion to dismiss ... and 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafzinger v. McDermott Int'l Inc.,* 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. Gen. Motors Corp.,* 15 F.3d 72, 73 (6th Cir.1994)).

The plaintiffs do not cite the good cause or excusable neglect standards, let alone argue that they are satisfied under these circumstances. Further, they have not addressed their failure to file the individual defendants' waivers of service in the record. Counsels' apparent belief that the defendants were responsible for filing the waivers does not constitute good cause for extending the time for service. *See Counter Terrorist Grp. U.S. v. New York Magazine*, 374 F. App'x 233, 235 (2d Cir. 2010) ("Attorney error does not constitute good cause under Rule 4(m)."). More troubling, the plaintiffs have not addressed their apparent failure to attempt service on the defendants who are not subject to waiver under Rule 4(m).

- 3 -

Simply stated, achieving proper service upon a defendant within the time allowed under Rule 4(m) is a plaintiff's responsibility.  *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).  And clients generally are held accountable for the acts and omissions of their attorneys. *Nafzinger*, 467 F.3d at 524.  Here, the plaintiffs have not met their burden of demonstrating good cause for failure to serve the defendants within 90 days of filing the Complaint.

The Court must now determine whether, in its discretion, it should extend the time to effectuate service absent a showing a good cause.  *See Stewart*, 238 F.3d 424, at *1.  In determining whether to grant an extension, courts consider various factors, including: whether the claims would be barred by the statute of limitations if dismissed; whether the defendant had notice so that he is not unfairly surprised by the suit;  whether an extension would serve the policy of resolving disputes on their merits; the length of time requested; and whether the plaintiff made a good faith effort to timely serve process.  *Burnett v. Martin*, Civil Action No. 6: 06-482-DCR, 2007 WL 2156541, at *2-3 (E.D. Ky. July 24, 2007) (citing *Vergis v. Grand Victoria Casino & Resort,* 199 F.R.D. 216, 218 (S.D. Ohio 2000)).

The plaintiffs' response to the defendants' motion to dismiss lacks developed argumentation and fails to address all of the relevant factors.  Instead, they claim simply that "the one-year statute of limitations may bar any refiled claims." [Record No. 5, p. 2]  But without additional information, the Court is unable to determine whether this factor weighs in favor of granting an extension of time to complete service.  The plaintiffs have the burden of demonstrating that additional time is warranted.  The Court does not simply take the plaintiffs' word for it, so this factor is neutral.

It is undisputed that the defendants' attorney received a copy of the Complaint in December 2019.  While actual notice of the suit is not a substitute for service, this factor weighs

in favor of affording the plaintiffs additional time to effect service. *See Vergis*, 199 F.R.D. at 218, n.2. Additionally, granting an extension of time would promote the goal of resolving the dispute on the merits.

Rather than assuring the Court and the defendants that service can be completed expeditiously, the plaintiffs have not requested any particular period of time to effect service. This suggests that plaintiffs' counsel continue to have a lackadaisical attitude toward completing service. The plaintiffs also claim that their failure to serve the defendants has "not delayed this litigation in any respect." This is simply inaccurate, as the litigation clearly has been delayed by the plaintiffs' failure to complete service within the time allowed under Rule 4(m). These considerations weigh against granting an extension.

The final factor, whether the plaintiffs made a good faith effort to timely serve process, weighs heavily against granting an extension of time. The plaintiffs were responsible for filing the individual defendants' waivers of service with the Court. *See Mann v. Castiel*, 681 F.3d 368, 373 (D.C. Cir. 2012) (explaining that Rule 4(d)'s procedure for establishing waiver of service requires the plaintiff to file the waiver). It is evident, based on the attorneys' January 20, 2020 e-mail exchange, that the parties disagreed regarding which party was responsible for filing the waivers. Despite the issue being raised, plaintiffs' counsel apparently failed to investigate and neglected to file the waivers as required. Further, the plaintiffs have not explained their utter failure to attempt to serve the governmental defendants, which are not subject to waiver. It appears the plaintiffs made no effort to serve these defendants.

Accordingly, based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The defendants' motion to dismiss [Record No. 4] is **GRANTED**.

- 6 -

     2.     This matter is **DISMISSED**, without prejudice, and **STRICKEN** from the docket.

Dated: April 17, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky