UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JOANN CHARLES and BILLY CHARLES, | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 5: 19-479-DCR |
| V. | ) ) ) |
| LEE COUNTY, KENTUCKY, et al., | ) **MEMORANDUM OPINION** ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiffs assert a host of claims arising out of their son Josh Charles' death while he was a pretrial detainee at the Three Forks Regional Jail. Among the allegations is that the defendants were deliberately indifferent to Josh Charles' serious medical needs in violation of the Fourteenth Amendment to the United States Constitution. The plaintiffs also present a claim for "objective unreasonableness" based on the defendants' alleged failure to provide adequate medical care in violation of the Fourteenth Amendment. The defendants filed a partial motion to dismiss in June 2020 arguing, *inter alia*, that the United States Court of Appeals for the Sixth Circuit does not recognize a cause of action for objective unreasonableness under the Fourteenth Amendment.

The Court granted the defendants' motion to dismiss, in part, in September 2020, but declined to dismiss the objective unreasonableness claim at that time. The Court acknowledged that the Sixth Circuit had not recognized such a cause of action but that the issue was pending in *Griffith v. Franklin Cty., Ky.*, 975 F.3d 554 (6th Cir. 2020). The Sixth

Circuit has since issued its decision in *Griffith* and the defendants have renewed their motion to dismiss the plaintiffs' claim for objective unreasonableness (Count 1).

I.

As this Court previously noted, both convicted prisoners and pretrial detainees are entitled to adequate medical care. For convicted prisoners, this right is rooted in the Eighth Amendment's protection against cruel and unusual punishment. *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018). For pretrial detainees, the right springs from the Due Process Clause of the Fourteenth Amendment. *Id.*

Circuit precedent has long held that the test for evaluating prison officials' liability for violating an inmate's constitutional right to adequate medical care is the same, regardless of the inmate's conviction status. *See, e.g., Downard for Estate of Downard v. Martin*, 968 F.3d 594, 600 (6th Cir. 2020); *Sours v. Big Sandy Reg. Jail Auth.*, 593 F. App'x 478, 483 (6th Cir. 2014) ("Our circuit analyzes the Fourteenth Amendment right using the same test as governs the Eighth Amendment right."). A prison official violates a pretrial detainee's or convicted prisoner's right to adequate medical care when he acts with "deliberate indifference" to an inmate's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To make this showing, the plaintiff must demonstrate an objective component (a sufficiently serious medical need) and a subjective component (a sufficiently culpable state of mind). *See Richmond v. Huq*, 885 F.3d 928, 937-39 (6th Cir. 2018).

The plaintiffs argue this is no longer the applicable test for pretrial detainees following the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which involved a pretrial detainee's claim that jail officials had used excessive force against him. The Court determined that the jury should not have been instructed to consider the defendants'

subjective reasons for using force but, instead, the plaintiff only had to show that the force purposely or knowingly used against him was objectively unreasonable. *Id.* at 396-97. Following the decision in *Kingsley*, several courts expanded the objective-inquiry test to other types of constitutional claims brought by pretrial detainees.

Another judge of this Court did just that in *Griffith v. Franklin Cty., Ky.*, 2019 WL 1387691 (E.D. Ky. Mar. 27, 2019). Griffith was involved in a robbery during which he was hit in the back with a baseball bat. He was arrested that day, placed in a detox cell, and observed by jail staff periodically. Griffith began experiencing vomiting and diarrhea over the course of the next few days, which the jail staff monitored and treated. *Id.* at *1-2. Eventually, Griffith began having seizures and was transported to a local hospital, where he was life flighted to the University of Kentucky Medical Center. *Id.* at *2. He ultimately was diagnosed with a variety of disorders including acute renal failure, seizure disorder, and posterior reversible encephalopathy syndrome. *Id.* Griffith alleged that the jail staff's provision of medical care was constitutionally deficient.

The district court recognized that plaintiffs historically have been required to show an objectively substantial risk of serious harm and that jail officials were subjectively aware of the risk. *Id.* at *3. The court concluded, however, that *Kingsley* altered this standard and that plaintiffs were no longer required to show that defendants had actual knowledge of the risk presented. The court in *Griffith* followed the Second Circuit's lead and held that the pretrial detainee-plaintiff was only required to show that the defendants "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to [him] even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." 2019 WL 1387691, at *3 (quoting *Bruno v. City of Schenectady*, 727 F.

App'x 717, 729 (2d Cir. 2018)). In other words, the plaintiff could succeed "by pointing only to objective facts and without proving the defendant's mindset." *Id.*

Despite its application of the objective test, the court determined that the defendants were entitled to summary judgment with respect to the plaintiff's claims of deliberate indifference. The plaintiff appealed that ruling and the defendants appealed the district court's holding that the objective test under *Kingsley* applied to the plaintiff's claims. *See Griffith*, 975 F.3d at 566.

The Sixth Circuit acknowledged that, following *Kingsley*, circuits have divided on whether an objective test should govern conditions-of-confinement claims brought under the Fourteenth Amendment. *Id.* at 570. *Compare Miranda v. Cty. of Lake*, 900 F.3d 335, 351-52 (7th Cir. 2018) (applying objective test under *Kingsley*); *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017) (same); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (same), *with Strain v. Regaldo*, 2020 WL 5985993 (10th Cir. 2020) (declining to extend *Kingsley* to deliberate indifference claim); *Whitney v. City of St. Louis*, 887 F.3d 857, 860 n.4 (8th Cir. 2018) (same); *Nam Dang by and through Vina Dang v. Sheriff, Seminole Cty., Fla.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (same); *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (same). The *Griffith* Court remarked that the Sixth Circuit has "stayed out of the fray" and has found it "unnecessary to answer the question" each time it has been confronted with the issue. *Griffith*, 975 F.3d at 570. Likewise, it concluded that Griffith could not prevail under either test and, therefore, "reserve[d] the question for another day." *Id.*

The *Griffith* Court reiterated that the Sixth Circuit has "adopted the deliberate-indifference test wholesale for purposes of the Fourteenth Amendment." *Id.* at 569 (citing

*Roberts v. City of Troy*, 773 F.2d 720, 724-25 (6th Cir. 1985)).  This Court cannot predict when the Sixth Circuit will address *Kingsley'*s impact on the deliberate indifference claims of pretrial detainees or what the result will be.  For now, however, it is clear that the applicable test requires the plaintiffs to establish *both* subjective *and* objective components of their deliberate indifference claim and Sixth Circuit precedent does not recognize an independent cause of action for "objective unreasonableness" under the Fourteenth Amendment.

The Court is not persuaded by the plaintiffs' argument that the defendants' motion to dismiss is premature because the plaintiff in *Griffith* has filed a petition for rehearing *en banc*.  A federal court generally applies the rule of law that is in effect at the time it renders its decision.  *See Wilmer v. Tennessee Eastman Co.*, 919 F.2d 1160, 1162 (6th Cir. 1990).  Further, the plaintiffs have not explained why they would be unduly prejudiced by dismissal of the claim.  Counts 1 and 2 of the Complaint are essentially the same because both allege deliberate indifference to Joshua Charles' serious medical needs.  The plaintiffs simply urge the Court to adopt a new test for proving the claim in Count 1.  In Count 2, the plaintiffs stick to the traditional test.  Just as the Court applies the law in effect now, the Court will apply the law in effect going forward if the test applicable to the plaintiffs' remaining deliberate indifference claim changes.

## II.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the defendants' motion to dismiss Count 1 of the Complaint [Record No. 26] is **GRANTED**.  Count 1 of the Complaint ("Objective Unreasonableness") is **DISMISSED**.

Dated:  November 2, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky